UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH FAILL,

                              Plaintiff,

                                                                 9:13-CV-0557
v.                                                              (TJM/TWD)

CAPT. ADAMIK,
SUPERINTENDENT BRANDON J. SMITH,

                              Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

JOSEPH FAILL, 12-A-1178
Plaintiff pro se
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, NY 14556

HON. ERIC T. SCHNEIDERMAN               MICHAEL G. MCCARTIN, ESQ.
Office of the Attorney General                    Assistant Attorney General
State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION

      On March 28, 2014, Defendants filed a motion for summary judgment in this action. (Dkt. No. 18.) The Court issued a notice to Plaintiff, advising him that his opposition to the motion was due on April 14, 2014. (Dkt. No. 20.) To date, Plaintiff has not filed any opposition to the motion for summary judgment. The New York Department of Corrections and Community Supervision's inmate lookup indicates that Plaintiff was paroled on May 28, 2014.

*Inmate Information*, N.Y. DEP'T OF CORR. & CMTY. SUPERVISION, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited Mar. 4, 2015). Plaintiff has not communicated with the Court since he filed a motion to proceed *in forma pauperis* on May 28, 2013. (Dkt. Nos. 3-4.) Plaintiff has not advised the Court of his new mailing address.

Accordingly, it appears that Plaintiff has violated Rule 10.1(c) of the Local Rules of Practice for this Court, which provides that "**All . . . *pro se* litigants must immediately notify the Court of any change of address**." N.D.N.Y. L.R. 10.1(c)(2) (emphasis in original). The Court's local rules further warn litigants that "[f]ailure to notify the Court of a change of address . . . may result in the dismissal of any pending action." L.R. 41.2(b).

On January 28, 2015, the undersigned issued an Order to Show Cause directing Plaintiff to provide the Court with his current address within thirty days. (Dkt. No. 21.) The Order to Show Cause advised Plaintiff that the undersigned would recommend dismissing his action if he did not comply with the order. *Id.* at 3. Plaintiff did not respond to the Order to Show Cause, which was returned to this Court marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (Dkt. No. 22.)

Rule 41 of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The term "these rules" in Rule 41(b) is construed to mean not only the Federal Rules of Civil Procedure but the local rules of practice for

a district court.[1]  Even in the absence of a motion, federal district courts have the inherent power to dismiss a case sua sponte pursuant to Rule 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962). The appropriateness of dismissing an action pursuant to Rule 41(b) is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order [or the court's procedural rules], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).

Here, Plaintiff has failed to comply with the Court's local rules for over nine months. By its Order to Show Cause, the Court placed Plaintiff on notice that his failure to comply with the Court's local rule regarding changes of address could result in the dismissal of this action. Because Plaintiff has abandoned his case, the Court's interest in managing its docket outweighs Plaintiff's interest in receiving a fair chance to be heard. The Court has considered less drastic sanctions and finds that none is appropriate because Plaintiff has abandoned his case. Therefore, it is recommended that the Court dismiss this action.

**ACCORDINGLY**, it is

---

[1] *See, e.g.*, *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.) (dismissing complaint pursuant to Fed. R. Civ. P. 41(b) for failing to comply with, *inter alia*, the district court's Local Rule 10.1(b)(2)); *In re Interbank Funding Corp.*, 310 B.R. 238, 254 (Bankr. S.D.N.Y. 2004) (dismissing complaint pursuant to Fed. R. Civ. P. 41(b) for failing to comply with, *inter alia*, the district court's local rules); *see also Abdullah v. Acands, Inc.*, 30 F.3d 264, 269-70 (1st Cir. 1994) (affirming district court dismissal pursuant to Fed. R. Civ. P. 41(b) for failing to comply with, *inter alia*, the district court's local rule governing joinder); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) ("A district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.").

**RECOMMENDED** that the Court dismiss this action; and it is further

**RECOMMENDED** that the Court deny Defendants' motion for summary judgment
(Dkt. No. 18) as moot.


Dated: March 4, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge